KAPHAN v. ROGERS BROS. GROCERY CO., Inc., et al.

(Supreme Court, Appellate Division, Second Department.    July 30, 1915.)

FRAUDULENT CONVEYANCES ⊜⟝305—SALES IN BULK—REMEDY OF JUDGMENT
CREDITOR—APPOINTMENT OF RECEIVER.

Personal Property Law (Consol. Laws 1909, c. 41) § 44, as amended by
Laws 1914, c. 507, making the transfer of goods in bulk void as against
the creditors of the seller under certain circumstances, provides that
any purchaser who shall not conform to the section shall, upon applica-
tion of any of the creditors of the seller, become a receiver and be held
accountable to such creditors for all the goods that have come into his
possession by such sale. Code Civ. Proc. tit. 12, relating to proceedings
supplementary to execution against property, in section 2432 provides
for three distinct remedies, one an order made or warrant issued against
a judgment debtor after return of execution, another an order made or
warrant issued against a judgment debtor after the issuing and before
return of execution, and, third, an order made after execution, issued
either before or after return against a person who has property of or is
indebted to the judgment debtor, while section 2433 provides that each
such remedy is a special proceeding. In a special proceeding supplemen-
tary to execution, by a judgment creditor against a transferee of the judg-
ment debtor, to declare such transferee a receiver for the benefit of
creditors, the trial court received testimony of officers of the judgment
debtor taken in a separate supplementary proceeding against it. *Held*,
that the court had not power to appoint the transferee a receiver, acting
on the testimony, since the transferee had not been a party to the first
proceeding, which was distinct from the one in which it was defendant.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§
917–919; Dec. Dig. ⊜⟝305.]

Appeal from Kings County Court.

Proceeding supplementary to execution by Leo Kaphan against
Francis H. Leggett & Co. and another. From an order declaring the
named defendant a receiver for the benefit of creditors of a judgment
debtor, it appeals. Reversed without prejudice.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Samuel D. Jones, of New York City, for appellant.
Israel H. Perskin, of Brooklyn, for respondent.

RICH, J. The order from which the appeal is taken declares the
appellant to be a receiver for the benefit of creditors of the judgment
debtor, under the provisions of section 44 of chapter 41 of the Consoli-
dated Laws, as amended by chapter 507 of the Laws of 1914, which
makes the transfer of goods in bulk void as against the creditors of the
seller, transferror, or assignor, under certain circumstances. The act
provides, among other things:

"3. Any purchaser, transferee or assignee who shall not conform to the pro-
visions of this section shall upon application of any of the creditors of the
seller, transferror or assignor become a receiver and be held accountable to
such creditors for all the goods, wares, merchandise and fixtures that have
come into his possession by virtue of such sale, transfer or assignment."

The appellant contends that the County Court erred in acting upon
evidence taken in a proceeding to which it was not a party. This con-

tention. is based upon the fact that, in a supplementary proceeding instituted against the judgment debtor, the testimony given by its secretary and treasurer relating to the transfer of property to the appellant is recited in the order from which this appeal is taken as having been considered in granting such order. Section 2432 of the Code of Civil Procedure provides for three distinct remedies—one an order made or warrant issued against a judgment debtor after the return of execution, one an order made or warrant issued against a judgment debtor after the issuing and before the return of execution, and one an order made after execution issued, and either before or after its return against a person who has property of, or is indebted to, the judgment debtor; and it is provided by section 2433 that each of such remedies is a special proceeding. The appellant was not a party to the special proceeding; it was not sworn as a witness therein, but a distinct and separate special proceeding was instituted against it as a third party, having property in its possession of the judgment debtor, and this may not be done. The court is without power to make the order in a proceeding supplementary to execution.

Order of the County Court of Kings County reversed, with $10 costs and disbursements, without prejudice to the institution of such proceedings as appellant may be advised. All concur.